Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00005-CR

                                                    __________

 

                           WILLIAM
ROGER GAGNON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 16966B

 



 

                                            M
E M O R A N D U M   O P I N I O N

William
Roger Gagnon appeals his conviction by a jury of the offense of murder.  The
jury assessed his punishment at life imprisonment in the Texas Department of
Criminal Justice, Institutional Division.  He contends in a single issue that
the trial court committed reversible error by denying his motion to suppress
based on alleged violations of his rights under the Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution; Article I, section 9
of the Texas Constitution; and Article 38.23 of the Texas Code of Criminal
Procedure, Tex. Code Crim. Proc. Ann.
art. 38.23 (Vernon 2005).  We affirm.

The
body of the deceased victim, Albert Cadena, was discovered on the morning of
May 26, 2008, in an alleyway in Abilene.  Gagnon had been arrested at
approximately 2:00 a.m. on that same morning.  At about 4:00 p.m. on that date,
investigators had him brought from the jail to the Taylor County Law
Enforcement Center, where an interview was conducted and recorded on video. 
Two days later, investigators conducted a second interview, which was also
recorded on video.

Gagnon
testified at the hearing on the motion to suppress that, for six months, he had
been taking Valium and using heroin, alcohol, and cocaine. He insisted he had
not been sleeping, but staying up on those drugs. He indicated that he
remembered talking to Detective Ford but could not remember what they
talked about.  He stated that his head was very “clouded up” and that he did
not finally come to his senses for about two weeks because of the effect of
heroin.

Willie
Ford testified that he is a criminal investigator with the Abilene Police
Department.  He said that Gagnon volunteered to talk to him and that he read Gagnon
his Miranda[1]
rights.  He indicated that Gagnon told him he understood those rights.  He
stated that Gagnon at no time told him he did not understand what was going on
and never told him that he was intoxicated and could not talk to him or that he
was doing this involuntarily.  Detective Ford testified that the interview with
Gagnon lasted close to two hours.  He said that, when Gagnon asked for water,
he went and got Gagnon water.  He related that, when Gagnon asked to use a
telephone, he was allowed to use a telephone.

Detective
Ford gave very similar testimony concerning a second interview that was
conducted two days after the first one.  He said Gagnon never told him he had
been on drugs and could not do the interview.  He stated that, other than
scratches on Gagnon’s face, he saw nothing unusual about Gagnon’s demeanor as
far as his competency or coherence.

The
trial court is the sole factfinder at a suppression hearing, and it may believe
or disbelieve all or any part of a witness’s testimony.  Amador v. State,
275 S.W.3d 872, 878 (Tex. Crim. App. 2009).  At a suppression hearing, the
trial court, like any factfinder, may make reasonable inferences from the
evidence presented.  Id.  The trial court’s ruling on a motion to
suppress, like any ruling on the admission of evidence, is subject to review on
appeal for abuse of discretion.  Id.  We are to uphold the trial court’s
ruling if it is reasonably supported by the record and is correct under any
theory of law applicable to the case.  Id. at 878-79.  

The
trial court’s findings of fact were completely consistent with the testimony of
Detective Ford.  Based upon those findings of fact, the trial court found that
Gagnon knowingly and voluntarily waived his Miranda rights prior to and
during both interviews and knowingly and voluntarily waived his rights under
the Texas and United States Constitutions during both interviews.  The trial
court also found that both videotaped statements Gagnon gave to the police were
knowing and voluntary.  Because the findings of fact are reasonably supported
by the testimony of Detective Ford and because the conclusions of law are
reasonably supported by the findings of fact, we hold that the trial court did
not abuse its discretion by denying Gagnon’s motion to suppress.

Gagnon’s
contention is that the combination of alcohol and drugs he had been taking
combined to cause both of his statements to police to be involuntary.  He cites
the detailed testimony he gave in support of his position.  In the findings and
conclusions regarding Gagnon’s statements, the trial
court made the following findings, among others:

4.  During
the interview, Appellant appeared calm, coherent, and sober to the
investigator. Also Appellant’s eyes appeared normal to the investigator.

 

5.  During
the interview, Appellant never told the investigator that he did not understand
what was going on.  Also, Appellant never told the investigator that he was
intoxicated and couldn’t talk.

 

8.  During
the interview, Appellant was coherent; and, he cooperated with the investigator.

 

11. 
. . . .  Appellant . . . did not appear intoxicated to the investigator. 
Appellant did not tell the investigator that he was intoxicated or that he had
been on drugs.

 

12.
 During the May 28 interview, Appellant appeared coherent to the investigator. 
Also, Appellant was able to answer the investigator’s questions intelligently.

 

14.
 During the May 28 interview, Appellant did not appear sleepy to the
investigator.

 

18.
 Appellant knowingly and voluntarily waived his Miranda rights prior to
and during both interviews.

 

These findings
are reasonably supported by the evidence and, in turn, reasonably support the
trial court’s conclusion that both of Gagnon’s statements were knowing and
voluntary.  We overrule Gagnon’s sole issue.

The
judgment is affirmed.

 

                                                                                    PER
CURIAM

 

August 31, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]     










[1]Miranda v. Arizona, 384 U.S. 436 (1966).





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.